IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME L. GRIMES,<br><br>    Plaintiff,<br><br>  v.<br><br>SAN FRANCISCO CHIEF OF POLICE;<br>SAN FRANCISCO POLICE DEPARTMENT;<br>and ATTORNEY GENERAL OF THE STATE<br>OF CALIFORNIA,<br><br>    Defendants.<br>_____/ | No. C 11-1815 CW<br><br>ORDER DENYING<br>PETITION TO<br>PROCEED IN FORMA<br>PAUPERIS (Docket<br>No. 2) |

Plaintiff Jerome L. Grimes has applied to proceed in forma pauperis.[1]  Having considered all of the papers filed by Plaintiff, the Court DENIES the motion for in forma pauperis status (Docket No. 2).

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action in forma pauperis if the court is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action.  28 U.S.C. § 1915(a)(1).  The court may deny in forma pauperis status, however, if it appears from the face of the proposed complaint that the action is factually or legally frivolous or without merit.  O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990); Tripati v. First National

---

[1] On December 9, 2005, this Court entered a pre-filing order regarding the cases filed by Plaintiff.  The Court has previously conducted a pre-filing review of the complaint filed in the instant case and found that it did not concern one of the matters mentioned in the pre-filing order.  See Docket No. 1, Case No. 11-MC-80068.

Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987).  An in forma pauperis complaint is frivolous if it has "no arguable basis in fact or law."  O'Loughlin, 920 F.2d at 617; Tripati, 821 F.2d at 1379; Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).

The Court finds that Plaintiff's complaint is legally frivolous.

California Penal Code section 12370(a) makes it a felony for any person who has been convicted of a violent felony to wear body armor.  However, under California Penal Code section 12370(b), "any person whose employment, livelihood, or safety is dependent on the ability to legally possess and use body armor" and "who is subject to the prohibition imposed by subdivision (a) due to a prior violent felony conviction" can "file a petition with the chief of police or county sheriff of the jurisdiction in which he or she seeks to possess and use the body armor for an exception to this prohibition."  Cal. Penal Code § 12370(b).  "The chief of police or sheriff may reduce or eliminate the prohibition, impose conditions on reduction or elimination of the prohibition, or otherwise grant relief from the prohibition as he or she deems appropriate," based on findings that "the petitioner is likely to use body armor in a safe and lawful manner" and "has a reasonable need for this type of protection under the circumstances."  Id.

Plaintiff files his complaint as a "petition for a permit to wear body armor" pursuant to California Penal Code section 12370(b) and names as Respondents the San Francisco Chief of Police, the San Francisco Police Department and the California Attorney General.  He alleges that he has a felony conviction and attaches what he states is his "San Francisco Police Department

2

1  Criminal History Record."  He also argues that he should be
2  granted a permit to wear body armor because he is in imminent
3  danger of serious harm.  Plaintiff, however, does not allege that
4  he has file a relevant petition with Chief of Police or with the
5  Sheriff's Department for a permit, been denied one, that such
6  denial was wrongful or that Respondents have violated his rights
7  in any way.  He also does not allege that California Penal Code
8  section 12370 is facially unconstitutional in any way.  If
9  Plaintiff seeks a determination that he should be allowed relief
10 from the prohibition contained in section 12370(a), he must begin
11 by filing a petition with the appropriate chief of police or
12 county sheriff.

13      Finally, Plaintiff labels his complaint as a petition for a
14 writ of habeas corpus.  However, the relief that Plaintiff seeks
15 is not cognizable in a habeas petition.  "The essence of habeas
16 corpus is an attack by a person in custody upon the legality of
17 that custody, and . . . the traditional function of the writ is to
18 secure release from illegal custody."  Burnett v. Lampert, 432
19 F.3d 996, 999 (9th Cir. 2005) (internal quotation marks and
20 citation omitted).  Plaintiff does not claim that he is in custody
21 in violation of the Constitution or federal laws.  See 28 U.S.C.
22 § 2254(a) (providing that federal courts may consider a habeas
23 petition from a state prisoner "only on the ground that he is in
24 custody in violation of the Constitution or laws or treaties of
25 the United States").

26      Accordingly, Plaintiff's request to proceed in forma pauperis
27 is denied without prejudice.  If Plaintiff does not pay the
28 regular filing fee for a civil case within thirty days of the date

3

1  of this Order, the Court will dismiss the action without
2  prejudice.
3       IT IS SO ORDERED.
4
5  Dated: 2/25/2013                    CLAUDIA WILKEN
                                       United States District Judge